**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARSHALL BURGESS, Jr., | No. 09-17070 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-1251-RLH-GWF |
| v. | |
| DAVID MAR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted August 23, 2010[**]

Before:     LEAVY, HAWKINS, and THOMAS, Circuit Judges.

Marshall Burgess, Jr., a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir. 2001), and we affirm.

The district court properly dismissed Burgess's section 1983 damages claims against prison officials in their official capacity, and against various Nevada prison agencies, medical departments, and pharmacies. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state officials acting in their official capacity are not persons for purposes of money damages claims under section 1983); *Montana v. Goldin*, 394 F.3d 1189, 1195 (9th Cir. 2005) (unless they specifically waive their immunity, states and state agencies are immune under the Eleventh Amendment from private actions for damages or injunctive relief in federal court).

The district court also properly dismissed Burgess's claims against various prison medical personnel in their individual capacities because their alleged misdiagnoses of his foot and stomach pain and alleged failure to warn him of the potential side effects of pain medicine constitute negligence at most, and not deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Moreover, neither the difference in medical opinion between Burgess's treating physicians nor Burgess's own disagreement with their chosen course of treatment is sufficient to establish deliberate indifference. *See id.* at 1058.

The district court did not abuse its discretion in denying Burgess's motion for leave to file a second amended complaint after finding that the deficiencies in his first amended complaint could not be cured by amendment. *See Kendall v. Visa*, 518 F.3d 1042, 1051-52 (9th Cir. 2008).

We decline to reach appellees' remaining contentions.

**AFFIRMED**.